IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARK RAYMOND FORD, )
  )
    Petitioner, )
  )
v. ) CIVIL ACTION NO.: CV214-079
  )
  )
SUZANNE R. HASTINGS, Warden, )
  )
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mark Ford ("Ford"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, to which Ford filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Ford's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Ford was convicted, after a jury trial, in the Middle District of Florida of: conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 846(a)(1); and possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Based on drug quantities determined at sentencing, Ford was sentenced to life imprisonment. (Doc. No. 5-3, pp.

3–4). Ford filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentence. United States v. Ford, 228 F.3d 417 (11th Cir. 2000). Ford filed a petition for rehearing based on Apprendi v. New Jersey, 530 U.S. 466 (2000). Although the Eleventh Circuit denied this petition, the United States Supreme Court granted Ford's petition for writ of certiorari and remanded to the Eleventh Circuit. (Doc. No. 13, p. 2). On remand, the Eleventh Circuit rejected Ford's Apprendi-based claims. United States v. Ford, 270 F.3d 1346 (11th Cir. 2001).

Ford then filed a 28 U.S.C. § 2255 motion in the Middle District of Florida and asserted, in relevant part, that his mandatory life sentence violated Apprendi because his sentence was based on drug quantities which were not alleged in the indictment. The Florida court rejected this claim because Ford had raised this issue on appeal, thus precluding review in a section 2255 motion. (Doc. No. 13-5, p. 3). Ford's certificate of appealability was denied. In addition, Ford's application for leave to file a second or successive section 2255 motion was denied. (Doc. No. 13, p. 3).

In this petition, Ford contends that he is serving a life sentence based on a crime for which he was never indicted, convicted, or found guilty beyond a reasonable doubt. (Doc. No. 5, p. 2). Specifically, Ford contests his receipt of a life sentence based on Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013).[1] Ford alleges that Alleyne establishes that he has actually innocent of his life sentence, a fundamental defect occurred at sentencing, and Circuit precedent foreclosed his claims. Respondent asserts that Ford fails to meet the savings clause of 28 U.S.C. § 2255.

---

[1] Alleyne overrules Harris v. United States, 536 U.S. 545 (2002), and holds that facts which increase mandatory minimum sentences must be submitted to a jury. Alleyne, ___ U.S. at ___, 133 S. Ct. at 2163–64.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petition must show that the remedy afforded under section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in

3

AO 72A
(Rev. 8/82)

original) (internal citation and punctuation omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> To show his prior § 2255 motion was 'inadequate or ineffective to test the legality of his detention,' [a petitioner] must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new

4

rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); <u>and</u> (5) the savings clause in § 2255(e) reaches his pure § 924(e)-<u>Begay</u> error claim of illegal detention above the statutory maximum penalty [authorized].

<u>Bryant</u>, 738 F.3d at 1274 (11th Cir. 2013). A petitioner must satisfy all five (5) of these requirements to obtain relief under <u>Bryant</u>. Under <u>Bryant</u>, Ford must establish that the rule announced in the case upon which he relies, <u>Alleyne</u>, applies retroactively to cases on collateral review.

Following its decision in <u>Bryant</u>, the Eleventh Circuit has stated that <u>Alleyne</u> does not apply retroactively to cases on collateral review. In <u>Chester v. Warden</u>, 552 F. App'x 887, 890 (11th Cir. 2014), the petitioner's "only available avenue for collateral relief in a § 2241 petition [was] through § 2255(e)'s savings clause." The Eleventh Circuit stated, "because it is based on the <u>Apprendi</u> rule, <u>Alleyne</u>'s rule does not apply retroactively on collateral review." <u>Id.</u> at 891 (citation omitted). The Eleventh Circuit, in considering <u>Alleyne</u> "for the purposes of [ ] direct appeal," stated that, "doing so is not intended to suggest that <u>Alleyne</u> applies retroactively to cases on collateral review. <u>Alleyne</u> was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared <u>Alleyne</u> to be retroactive on collateral review . . . [a]nd <u>Alleyne</u> has not been made retroactive through any combination of cases that necessarily dictate retroactivity." <u>United States v. Harris</u>, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (citation omitted).

The decision in <u>Schriro v. Summerlin</u>, 542 U.S. 348 (2004), supports the determination that decisions based upon <u>Apprendi</u> are not retroactively applicable on collateral review. The Supreme Court held in <u>Schriro</u> that the decision in <u>Ring v. Arizona</u>, 536 U.S. 584 (2002)—a case also based upon the principle established in

5

Apprendi—"announced a new procedural rule that does not apply retroactively to cases already final on direct review." 542 U.S. at 358.

Ford previously brought his claims in his first § 2255 motion, although he used Apprendi in support of his claims rather than Alleyne. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). It appears that Ford is attempting to bring a second or successive § 2255 motion pursuant to § 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Ford relies upon Alleyne, which is merely an extension of Apprendi, his claims are not based upon any retroactively applicable Supreme Court decision; thus, he does not fulfill the first condition to invoke the savings clause or to proceed under § 225(h).[2] Ford does not satisfy the savings clause, and the Court need not address the relative merits of his section 2241 petition. Because Ford has not satisfied the requirements of

---

[2] The undersigned notes Ford's reliance on United States v. Jordan, 531 F. App'x 995 (11th Cir. 2013). Jordan is clearly distinguishable because the Eleventh Circuit determined that the appellants in Jordan were to be resentenced in light of Alleyne during the direct review process rather than during a collateral review proceeding.

AO 72A (Rev. 8/82)

§ 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Ford's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of September, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)