# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MARK RAYMOND FORD, )
 )
    Petitioner, )
 )
v. ) CIVIL ACTION NO.: CV214-079
 )
 )
SUZANNE R. HASTINGS, Warden, )
 )
    Respondent. )

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner Mark Ford ("Ford") filed Objections. Ford's Objections can be articulated as three arguments—that he meets the savings clause of 28 U.S.C. § 2255(e), that he is actually innocent of violating 21 U.S.C. § 841(b)(1)(A), and that a fundamental defect occurred at sentencing.

As the Magistrate Judge concluded, Ford cannot satisfy the savings clause of § 2255(e), which would permit him to proceed with his 28 U.S.C. § 2241 petition. Ford raised claims based on the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and the Eleventh Circuit Court of Appeals previously rejected his Apprendi-based claims. United States v. Ford, 270 F.3d 1346 (11th Cir. 2001). The Eleventh Circuit has had occasion to determine whether Alleyne v. United

States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), applies retroactively to cases on collateral review such as Ford's petition. In Chester v. Warden, 552 F. App'x 887, 890 (11th Cir. 2014), the Eleventh Circuit stated that the petitioner's "only available avenue for collateral relief in a § 2241 petition [was] through § 2255(e)'s savings clause." The Eleventh Circuit also stated, "because it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review." Id. at 891 (citation omitted). The Eleventh Circuit, in considering Alleyne "for the purposes of [ ] direct appeal," stated that, "doing so is not intended to suggest that Alleyne applies retroactively to cases on collateral review. Alleyne was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared Alleyne to be retroactive on collateral review . . . [a]nd Alleyne has not been made retroactive through any combination of cases that necessarily dictate retroactivity." United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (citation omitted).

Ford has presented nothing which indicates that Alleyne applies retroactively to cases on collateral review or to his collateral petition in particular. The undersigned notes that Ford has submitted a copy of the United States of America's brief to the Fourth Circuit Court of Appeals in Persaud v. United States of America, No. 13-6435. Ford offers no argument as to why the arguments contained in this brief are applicable to his petition. In addition, Persaud involves application of a sentence enhancement based on the defendant's prior criminal history. (Doc. No. 19-1, p. 9). Ford's sentence was not enhanced based on his prior convictions. (Doc. No. 17, p. 1).

Ford has also filed a Motion for an Evidentiary Hearing, a Motion for Leave to File New Evidence, and a Motion and New Evidence. According to Ford, this "new

2

evidence" reveals that the Magistrate Judge was biased against him. In support of these two (2) "new evidence" Motions, Ford cites the Magistrate Judge's Report and Recommendation in Casas v. Hastings, CV214-89. Ford points to the Magistrate Judge's recitation of Casas' contentions in his petition, which differ from those Ford makes in his petition, as "evidence" that the Magistrate Judge is biased against him. While there are similarities between Ford's and Casas' petitions, the Magistrate Judge's account of the petitioners' contentions in these cases cannot conceivably be construed as showing a bias. Ford's Motions, (doc. nos. 20, 21, 22), are **DENIED**.

Ford's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Ford's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 8 day of October, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)